STEPHEN B. M. STOKES, as Trustee, etc., Respondent, *v.* RICHARD AMERMAN et al., Impleaded, etc., Appellants.

The interest of a creditor which attaches to a contract of life insurance by virtue of the act providing for insurance upon the life of a husband for the benefit of his wife (Chap. 277, Laws of 1870, amending chap. 80, Laws of 1840), and by reason of payment by the judgment-debtor of premiums in excess of $500 per annum may be declared by a court of equity and impressed upon the contract in an action brought before the death of the husband wherein the company issuing the policy and all persons interested therein are parties.

The nature and extent of the creditor's right and the manner and condition upon which it is to be continued and preserved may be adjudged and the husband and wife may be enjoined from transferring the policy except in subordination to the rights of the creditor.

A like judgment may be also rendered as to the future contingent interests of children.

*It seems* that a creditor, after an adjudication as to his rights, would be entitled to preserve the policy from forfeiture by payment of future premiums upon equitable principles.

Plaintiff's complaint alleged, in substance, that defendant A., in 1871 and 1872, while acting as executor or trustee under the will of S., converted certain of the moneys to his own use, and was removed as trustee by an order of the court, and directed to pay to his successor the amount converted; that the successor named died and plaintiff was appointed trustee; that he procured a judgment to be entered in due form in the name of his predecessor in the trust, upon which an execution was issued and returned unsatisfied, and that the whole amount of said judgment remained unpaid; that A.'s wife, while he was owing the estate the moneys converted and was insolvent, procured a policy of insurance upon his life, payable to her at death, or in case she did not survive him, to their children; that A. paid all the premiums upon said policy, that the annual premium was more than $500, and the sum paid in excess was $5,034.27; that A. had one child living. A., his wife and child

Statement of case.

and the insurance company were made parties defendant. The relief demanded was that plaintiff's rights and interests as a judgment-creditor in the policy should be ascertained and declared, and the rights of the wife and child of A., under said policy, be declared subordinate to plaintiff's rights; and that defendants be enjoined from disposing of the policy or any interest therein, except to preserve it. *Held*, that demurrers to the complaint interposed by all of the defendants, except the insurance company, were properly overruled; that the complaint set forth a cause of action for equitable relief; and that plaintiff, as the representative of the estate, was owner of the judgment and had the right to bring the action in his own name as trustee.

*Baron* v. *Brummer* (100 N. Y. 372), distinguished.

Reported below, 55 Hun, 178.

(Argued April 17, 1890; decided June 3, 1890.)

Appeal from an interlocutory judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made December 9, 1889, which affirmed an interlocutory judgment in favor of plaintiff entered upon an order of Special Term overruling demurrers to the complaint.

The nature of the action and the facts alleged in the complaint are stated, in substance, in the opinion.

*David Wilcox* for appellants. An action respecting the policy cannot be maintained by a creditor during the life-time of the husband. (*Brummer* v. *Cohn*, 86 N. Y. 11; *Frank* v. *Ins. Co.*, 102 id. 266; *Smillie* v. *Quinn*, 90 id. 492; *Baron* v. *Brummer*, 100 id. 372). The character of the subject-matter is such that, under elementary general principles, equity will not entertain jurisdiction. (*Holly* v. *Ins. Co.*, 105 N. Y. 437; *Fowler* v. *Met. Co.*, 116 id. 389; Fry on Spec. Perf. § 72; *E. Co.* v. *R. R. Co.*, 99 U. S. 191; Pom. on Eq. Juris. § 1405; *M. Co.* v. *Ripley*, 10 Wall. 339; *Rivafinoli* v. *Corsetti*, 4 Paige, 264; *Hamblin* v. *Dinneford*, 2 Edw. Ch. 529; *Haight* v. *Badgely*, 15 Barb. 499; *Smith* v. *Kearney*, 2 Barb. Ch. 533, 546; *Masten* v. *Amerman*, 51 Hun, 244)..

*Nathaniel C. Moak* for respondent. The complaint states a good cause of action. (*Baron* v. *Brummer*, 100 N. Y. 372;

Laws of 1879, chap. 248; *Anderson* v. *Goldsmidt*, 103 N. Y. 617; Broom's Leg. Max. [7th ed.] 155, 191; *Graves* v. *Briggs*, 6 Abb. [N. C.] 41–42; *Ashby* v. *White*, Ld. Raym. 938; 1 Smith's L. C. 342; *Ætna Nat. Bank* v. *U. S. L. Ins. Co.*, 24 Fed. Rep. 440; *Catchings* v. *Manlove*, 39 Miss. 655, 667–671; *Stokes* v. *Coffey*, 8 Bush, 533; *Fearn* v. *Ward*, 80 Ala. 555, 559; 65 id. 33; *Stigler* v. *Stigler*, 77 Va. 168–169; *C. O. L. Ins. Co.* v. *Brant*, 47 Mo. 419; *Pullis* v. *Robison*, 73 id. 201; *Cole* v. *Marble*, 98 Ill. 58; *Pick* v. *Ormsby*, 8 N. Y. Supp. 372; *C. C. Bank* v. *Risley*, 19 N. Y. 374; *Shand* v. *Hanley*, 71 id. 320, 324; *Haddon* v. *Lundy*, 59 id. 320, 330; *Cole* v. *Tyler*, 65 id. 73, 77.) The point that plaintiff is not a judgment-creditor, is not well founded. (*Butler* v. *Lee*, 33 How. Pr. 252; *In re Waring*, 99 N. Y. 114; *Nat. Bank* v. *Corbett*, 10 Abb. [N. C.] 85, 86; 40 N. Y. 410; *Fulton, etc.*, v. *Baldwin*, 37 id. 648; *Veburt* v. *Frost*, 3 Abb. Pr. 120; *Banks* v. *Edwards*, 11 How. Pr. 216; *Myers* v. *Machado*, 6 Abb. Pr. 198; 6 Duer, 678; *Hobart* v. *Frost*, 5 id. 672; 1 Bliss' Code [2d. ed.], 345, 346; *People* v. *Crooks*, 53 N. Y. 648). The court has power, and it is its duty, to make an adjudication protecting the creditor's rights declared and protected by the statute. (*Denton* v. *Nanny*, 8 Barb. 618; *Vartie* v. *Underwood*, 18 id. 561; Story's Eq. Juris. §§ 604, 843, 844, 845; 1 Washb. on Real Prop. 120–125.) By force of the statutes quoted and cases referred to, the plaintiff has a present cause of action for lien on excess, injunction, etc., as prayed for. If plaintiff is entitled to any relief whatever the complaint must stand. (*Pierson* v. *McCurdy*, 61 How. Pr. 134.)

O'BRIEN, J. The sole question involved in this appeal is whether the complaint states facts sufficient to constitute a cause of action.

It states that the defendant, Richard Amerman, in the years 1871 and 1872, while acting as executor or trustee under the will of Caroline L. Stokes, converted certain moneys belonging to said trust to his own use. That upon application to the court he was removed as trustee, and directed by an order

to make restitution of the sum so converted, amounting to $4,287.58. That the plaintiff was appointed his successor in the trust in 1881, and in November, 1886, he procured a judgment in due form to be entered upon the order. That a transcript of the same was filed in Kings county clerk's office, January 19, 1887, and that an execution has been issued thereon and returned unsatisfied, and that the whole amount of this judgment, with interest thereon, from the time of the entry of the original order upon which it was based, is still due. The complaint then alleges that in 1871, Amerman's wife, one of the defendants, while he was owing the estate for the moneys thus converted, and he being then insolvent, applied for and procured a policy of assurance upon his life payable to her at his death, in the Equitable Life Assurance Society, for the sum of $20,000, which policy contained a provision that in case the wife did not survive her husband then their children should be entitled to the sum due thereon, and in case no child was left surviving then the money should be paid to his executors, administrators or assigns. The assurance society issuing the policy, the husband who paid the premium, the wife for whose benefit it was obtained and who procured it to be issued, and their only child, are made parties to this action. The complaint also states that the defendant, Richard Amerman, has paid out of his own property and funds all the premiums on said policy from the time it was issued up to the commencement of the action, and that the aggregate of premiums thus paid on the policy, in excess of $500 a year, was paid by him from his own means, which excess amounted to $5,034.27, and that such payments were wrongful and in fraud of his creditors.

The relief prayed for is that the plaintiff's rights and interests, as a judgment creditor, in this policy of insurance be ascertained and declared. That it be adjudged that whatever rights the child of Amerman has in, to or under the policy be declared subordinate to the rights of the plaintiff, and that all the defendants be enjoined from disposing of the policy, or any interest therein, except to preserve the same.

It does not appear from the record that the assurance society, though made a party defendant, offers any resistance to the plaintiff's claim. Demurrers were interposed in behalf of the husband, wife and child, separately, and all upon the ground that the complaint does not state facts sufficient to constitute a cause of action. The demurrers were overruled at the Special Term and an interlocutory judgment ordered for the plaintiff, which has been affirmed at the General Term.

It appears from the complaint that the order, calling the defendant Amerman to account, in regard to the estate of which he was trustee, required him to pay the money to his immediate successors, Charles W. Stokes and Sarah P. Powell, as trustees under the will of Caroline L. Stokes. That prior to August, 1881, when the plaintiff was appointed trustee, Charles W. Stokes died, and Sarah P. Powell resigned. That the order directing the defendant to pay the moneys so converted, and the fund represented thereby has been duly assigned to the plaintiff. We think the plaintiff was a judgment-creditor. The order of the court directed the money to be paid to his predecessors in office, and when he assumed the duties of the trust, the power and duty of collecting the money required by the order to be paid, devolved upon him. He procured a judgment to be entered in the name of the persons to whom it was, by the terms of the order, payable as trustees. Whether this proceeding was regular or not, the fact still remains, that the order has ripened into a judgment, not set aside as irregular, that the plaintiff is the representative of the estate to which the money is due, and as such, is the owner of the judgment, and has the right in his own name as trustee to institute an action for its collection.

The more difficult and novel question presented by the appeal relates to the right of a judgment-creditor to maintain such an action prior to the time that the policy becomes due. Chapter 80 of the Laws of 1840, after various amendments since made, now reads as follows: " It shall be lawful for any married woman, by herself and in her name, or in the name of any third person, with his assent, as her trustee, to

cause to be insured for her sole use, the life of her husband for any definite period, or for the term of his natural life, and in case of her surviving such period or term, the sum or net amount of the insurance becoming due and payable by the terms of the insurance, shall be payable to her, and for her own use, free from the claims of the representatives of the husband, or of any of his creditors, or any party or parties claiming by, through or under him. But, when the premium paid in any year out of the property or funds of the husband shall exceed $500, such exemption from such claims shall not apply to so much of said premium so paid as shall be in excess of $500, but such excess, with the interest thereon, shall inure to the benefit of his creditors." (Chap. 277, Laws of 1870.) It is clear that the annual premiums paid by the judgment-debtor, out of his own means, upon the policy of insurance for the benefit of his wife, in excess of $500, are subject, in some form and by some proceeding, to the claims of creditors. We are not now concerned with the difficulty that the plaintiff in this action may encounter in regard to the form of his decree or judgment, should he be entitled to any. The question is, upon the facts stated, whether he is entitled to any relief whatever. To hold that the right given to the plaintiff by the statute cannot be asserted by action until the policy is due, or, in other words, until the death of the husband, would operate in many cases to defeat the claims of creditors entirely. An action on a judgment might be barred entirely by lapse of time, or the wife, with the consent of the husband, might transfer the policy, and her interest therein, to a third party. (Chap. 821, Laws of 1873; chap. 248, Laws of 1879.) The judgment-debtor, upon the conceded facts in this case, has diverted moneys which in equity were applicable to the plaintiff's judgment, to the payment of the annual premiums upon the policy in question. These moneys are now represented by the interest of the debtor's wife in the policy of insurance. It is suggested that the wife might allow the policy to lapse, or become forfeited for non-payment of premiums at any time, and that, for this reason, the contract is of

such a character that an action in behalf of a judgment-creditor cannot be maintained to reach any interest in it until the sum stipulated by the contract of insurance becomes due and payable. It is not quite true that a failure of the wife to pay the premiums from year to year as they become due will work this result. The statute, unless waived in writing on the face of the policy, provides that after the lapse of three years the reserve value of the policy, computed according to certain principles, is to be taken as a single premium of life insurance, at the published rates of the company at the time the policy was issued, and must be applied, either to continue the insurance of the policy in force at its full amount so long as such single premium will purchase temporary insurance of that amount, at the age of the insured at the time of lapse, or to the purchase upon the same life, at the same age, paid-up insurance payable at the same time, and under the same conditions, except as to payment of premiums, as the original policy. (Chap. 247, Laws of 1879.) And no policy can be declared or treated as lapsed or forfeited until thirty days after notice to the policy holder. (*Baxter* v. *B. L. Ins. Co.*, 119 N. Y. 450.)

The policy is not set forth in the complaint and does not appear in the record. Consequently we cannot say upon what particular terms or conditions the existence of the policy depends as between the insurer and insured. All that can be said upon an issue made by a demurrer to the complaint is that the wife holds a contract with the insurance company, which secures to her the payment of a large sum of money upon the happening of a future event, namely, the death of her husband, and that the husband, by the use of moneys of his own, which in equity were applicable to the payment of the plaintiff's debt, has procured the contract to be issued by the company and thus far performed on the part of his wife. Contracts for the future payment of money depending upon conditions to be performed are not for any reason growing out of their uncertain character exempt from the claims of creditors. Unmatured life insurance policies have been treated by

the courts as possessing a present value in the distribution of the assets of insolvent insurance companies (*People* v. *Security Life Ins. Co.*, 78 N. Y. 114; *Atty.-Genl.* v. *Guardian Mutual Life Ins. Co.*, 82 id. 336), and we perceive no reason why the interest of a judgment-creditor in such a contract, arising under the statute permitting a wife to insure her husband's life, may not be declared and protected by the courts. The wife cannot be compelled to assign the policy, nor can her interest therein, represented by premiums to the extent of $500, be affected by any proceedings on the part of such creditor. But the interest of a creditor which attaches to a contract of life insurance, in virtue of the statute, and by reason of the fact of payment by the judgment-debtor of premiums in excess of $500, may be declared by a court of equity and impressed upon the contract in an action where the company issuing the policy and all persons interested therein are parties, though the money secured thereby is not due. The case of *Baron* v. *Brummer* (100 N. Y. 372) recognizes, as we think, the general rights of a judgment-creditor to maintain an action of this character upon proper facts. The relief was denied in that case because there was no proof that the husband paid the premium, and, moreover, it appeared that no premium in excess of $500 was paid by anyone after the plaintiff's debt was contracted. It was said in that case that the wife could not be directed to assign the policy to a receiver. That may be so, but the case is not an authority against the right of a creditor to bring and maintain an action such as is disclosed by the complaint in the case at bar. We think that the complaint states a case which entitles the plaintiff to some relief. The court will have power upon these facts to adjust, determine and declare the rights and interests of the plaintiff, as a judgment-creditor of the husband, in the policy, though the plaintiff may not be able to realize anything from such a contract until it has matured. The nature and extent of that right and the manner and conditions upon which it is to be continued and preserved may also be adjudged. It has power also to enjoin the husband and wife from making any transfer

of the policy, except in subordination to the rights of the plaintiff herein; and it can award a like judgment as to the future contingent interests of the infant defendant. Any judgment entered in an action to which the insurance company is made a party, adjudging and declaring the plaintiff's lien upon or interest in the policy, would, of course, be binding upon the company in the future, and thus it would be obliged to recognize the plaintiff's interest. It is probable also that the plaintiff, after such adjudication in regard to his rights, would be entitled to preserve the policy from forfeiture by payment of future premiums upon equitable conditions, if he so desired.

Without attempting now to point out the precise form or effect of the judgment to which the plaintiff may be entitled, we are of opinion that the facts stated in the complaint, and which are admitted by the demurrer, entitle him to some relief.

It follows that the judgment of the court below overruling the demurrers should be affirmed, with leave to the defendants to answer within twenty days, upon payment of costs.

All concur, except RUGER, Ch. J., and FINCH, J., dissenting, and GRAY, J., not voting.

Judgment affirmed.