Filed Oct. 31, 1890.

———◆———

No. 14,552.

## JOHNSON v. ALEXANDER ET AL.

LIFE INSURANCE.—*Assignment of Policy to Creditors.—Agreement as to Surplus.—Validity of.—Rights of Widow and Children to Surplus.*—A. in his lifetime procured a policy of insurance upon his own life, payable on his death to his executors, administrators, or assigns. Afterward, with the consent of the company, he assigned and transferred, by endorsement in writing, said policy to certain creditors, and delivered the same to them, taking back from said assignees an agreement in writing to keep up said insurance, and upon his death and the payment to them of the amount due them, with interest and all premiums paid, and ex-

penses incurred on account of said insurance to pay the balance to his heirs, or to his order. A. died without giving any further order as to the disposition of the proceeds of the policy. The assignees paid the premiums, and kept up the policy. After reimbursing themselves a balance remained, which was paid to the administrator. The widow and children of A. filed a petition, asking an order upon the administrator to pay said sum to them. The petition was resisted by an unsecured creditor of A.

*Held*, that the widow and children were entitled to the money ; that the assignment of the policy was not in fraud of creditors, and was valid, and transferred the surplus to A.'s heirs.

SAME.—*Insolvent Debtor.*—*Insurance for His Family.*—The law favors the making of a reasonable provision by a man for his family, and those who are dependent upon him, and it is not a violation of the statute, and in fraud of creditors, for a debtor, though insolvent, to contribute and pay a reasonable amount of insurance for the benefit of his family.

SAME.—*Pleading.*—*Agreement with Assignees.*—*Proper Exhibit with Complaint.* —The agreement taken by A. from the assignees of the policy was properly made an exhibit to the complaint filed by his widow and children to recover the balance in the hands of the administrator. The action is properly an application to the court for an order requiring the administrator to turn over to the petitioners the money received on the policy, and the said agreement is the basis of their right to have such an order made.

SAME.—*Transfer of Policy.*—*Sufficiency of.*—*Surplus.*—*Liability of Assignees as to.*—The transfer of the policy by A. was complete. It was assigned by an endorsement in writing, and delivered. The agreement taken from the assignees provided, in effect, that any surplus remaining should be paid to A.'s heirs, unless he made some further order in regard to it. When he died without making any further order the legal liability of the assignees was to pay the surplus to his heirs.

From the Posey Circuit Court.

*E. D. Owen*, for appellant.

*W. Loudon* and *F. P. Leonard*, for appellees.

OLDS, J.—William D. Alexander, in his lifetime, in 1886, procured from the Mutual Life Insurance Company, of New York, a policy of insurance upon his own life for the sum of five thousand dollars, payable at his death to his executors, administrators or assigns. On the 8th day of April, 1887, said Alexander being indebted to Welburn, Rause,

Hutchinson & Spencer, in the sum of $3,395, with the consent of the company, assigned and transferred by endorsement in writing, said policy of insurance to his said creditors to secure said indebtedness, and delivered said policy to them, taking back from said assignees an agreement, in writing, stipulating that the assignment was made to secure them the amount due from the assignor, and containing an agreement on the part of the assignees to keep up said insurance, and upon the death of said Alexander and the payment to them of the amount due them, with interest, and all premiums paid and expenses incurred on account of said insurance out of said insurance to pay the balance remaining to the heirs of the said Alexander, or to his order, which agreement was signed by the assignees and delivered to Alexander. The said assignees paid the premiums and kept up said policy. William D. Alexander died in September, 1887, without making any other disposition of said policy, or giving any further orders as to the disposition of the proceeds. After the death of said William D. Alexander, Marion Aldrich was, by the Posey Circuit Court, appointed administrator of his estate. The company paid the full amount of the policy, $5,000, to the assignees of the policy and the administrator, the assignees receiving the amount due them, and the administrator receiving the residue, $1,115.10.

The appellees, the widow and children of said William D. Alexander, and being his sole heirs, file their petition in this case, in the Posey Circuit Court, alleging the facts and asking an order upon the administrator to pay to them the said sum of $1,115.10 in his hands so received on said policy; also alleging that appellant, Johnson, claimed to have a lien upon said money by virtue of an execution issued from the circuit court of Posey county for $2,500 in his favor.

Appellant demurred to the complaint, which was overruled and exceptions reserved. Appellant, Johnson, also

filed an answer and a demurrer was sustained to it, and failing to plead further a judgment was rendered ordering the administrator to pay the money to the appellees.

The administrator does not appeal, but Johnson alone appeals and assigns as error the overruling of his demurrer to the complaint, and the sustaining of a demurrer to his first and third paragraphs of answer.

It is contended on the part of the appellant that there was not such a disposition of the policy as to give to the widow and children, who are the heirs of the deceased, the right to the excess above paying the amount due the assignees; that it was in the nature of a gift to the heirs, and by the terms of the agreement Alexander retained the right to make some other disposition of the surplus and order it paid to other persons, hence the donor did not release all control over the fund, and it did not constitute such a delivery as to make a valid gift; also that the policy having been made payable to the personal representatives of the deceased, Alexander being insolvent, a gift of any portion of it to his heirs is in fraud of his creditors, and, therefore, void. It is upon this theory that it is contended that the court erred in its rulings.

The law favors the making of a reasonable provision by a man for his family, and those who are dependent upon him, and it is not a violation of the statute, and in fraud of creditors for a debtor, though insolvent, to contribute and pay a reasonable amount for insurance for the benefit of his family. In *Pence* v. *Makepeace*, 65 Ind. 345, it is held that only on the clearest proof of fraud, if at all, can the premiums paid by an insolvent debtor on a policy of insurance upon his life, for the benefit of his wife and children, be recovered by his creditors, and in no event can any excess over the amount of the premium so paid be recovered.

In *Central Bank, etc.*, v. *Hume*, 128 U. S. 195, it is held that a man may rightfully devote a moderate portion of his earnings to insure his life, and thus make reasonable provision for his family; and, though he be insolvent, such payment

is not a fraudulent transfer of his property ; and that after his decease his creditors will have no interest in the policy.

In *McCutcheon's Appeal*, 99 Pa. St. 133, it is held that where a person takes out a policy of insurance upon his own life, in his own name, and subsequently assigns the same to his wife, child, or other dependent relative, the mere fact that the assignor in such case is insolvent at the time of making the assignment does not warrant the inference that the assignment was in fraud of creditors.

In 2 Bigelow Fraud, p. 129, it is said : " A debtor though insolvent may use his earnings to pay for insurance on his life, in favor of his family."

The authorities recognize a distinction between policies when in the name of the debtor, and afterwards when they have become valuable choses in action, assigned, and those taken originally in the name of the wife, child, or other dependent, but hold that in either case the assignment is valid if made in good faith.

In this case it is not shown what amount of premiums was paid by Alexander before the transfer ; at most it was not kept up by him but a few months, after that the premiums were paid by the assignees. The unsecured creditors were injured by the transfer only to the extent of the amount paid by him in premiums, or, at least, not to exceed the value of the policy at the time of the transfer, and what such value was is not shown. The deceased took out the policy and held it but a short time until he transferred it to secure certain creditors whose claims then amounted to near thirty-four hundred dollars, and took an agreement from them by which they were to pay the premiums from that time forward, and from the proceeds, when paid, retain the amounts due them, including principal and interest of their claims and all premiums paid and expense incurred on account of the policy, and pay any surplus over to his heirs. Had the insured lived but a few years there would have been no surplus to be accounted for. It was no doubt by reason

of the arrangements made that the premiums were paid and the policy kept in force. There are no facts shown, either in the complaint or the answers, that cast any suspicion on the transaction or go to show that the transfer, which might result in a possible benefit to his wife and children, was not made in the utmost good faith, or that go to show that his unsecured creditors were in fact injured. If at the time he was a resident householder of this State he was entitled to six hundred dollars as exempt from the demands of creditors, this amount, at least, he had the right to have disposed of as he pleased. Had Alexander taken insurance on his life to the amount in controversy in this case, and had the policy issued in the name of his wife and children for their benefit, and had he paid for it though insolvent at the time, there could be no question under all the authorities but that the wife and children could collect and hold the same free from all demands of creditors; and we can see no reason why they do not acquire the same rights under the facts in this case, though the policy was made payable to Alexander himself, as he held it but a short time when he transferred it to some of his creditors, they to pay all future premiums. He had the right to prefer his creditors, and by the arrangements which he made the creditors received much more than the amount taken from his estate to pay premiums.

In our opinion the transfer was not in fraud of creditors, and was valid, and transferred the surplus to his heirs.

As to the point made that it was an incomplete transfer, we do not think it is well taken. The policy was assigned by an indorsement in writing, and delivered. The agreement provided, in effect, that any surplus remaining should be paid to his heirs, unless he made some further order in regard to it; he died, making no further order, and the legal liability of the assignees was to pay the surplus to his heirs. Upon this question the case of *Supreme Lodge, etc.*, v. *Schmidt*, 98 Ind. 374, is in point. In that case it was held that when one takes a life policy on his own life in a mutual

society, payable upon his death to a person named, or to such other person, or persons, as he may subsequently direct, the beneficiary named is entitled to recover. In that case the court says: " From the time of the issuance of the certificate until Schmidt's death, Mrs. Schmidt and her co-appellees were, in legal contemplation, the owners of it, subject only to the right of Schmidt to ultimately substitute other beneficiaries by will, or in such other manner as the rules and regulations of the order might permit." So, in this case, the heirs of Alexander were the owners of the surplus, if any should remain, subject only to the right of Alexander to order it paid to some other person, or persons, and he never made any order concerning it. It is but carrying out his intention to make such slight provision as was in his power to do for his widow and children at his death, to give to them the sum so remaining after paying the assignees.

Some question is made as to the complaint, on the ground that the agreement taken by Alexander from the assignees is not properly an exhibit to the complaint; that it is not the basis of the action, but that the proper form of action is upon a common count for money had and received.

We can not agree with this theory. The action is properly an application to the court for an order requiring the administrator to turn over to the appellees the money received on the policy, and the agreement is the basis of the appellee's right to have such order made.

There is no error in the record.

Judgment affirmed, with costs.

Filed Nov. 11, 1890.