WILLIAM H. PURVIN, on Behalf of Himself and All Other Creditors of the Estate of LOUIS L. GREY, Deceased, Respondent, *v.* HAROLD N. GREY et al., Appellants, et al., Defendants.

First Department, December 14, 1945.

*Edward E. Hoenig* of counsel for Harold N. Grey, appellant; *William M. Sullivan,* attorney for Dorothy Frank and Jennie W. Grey, appellants.

*Meyer Kraushaar* of counsel (*David I. Kraushaar* with him on the brief; *Kraushaar & Kraushaar,* attorneys), for respondent.

DORE, J. Plaintiff, assignee of a judgment creditor of Louis L. Grey, deceased, sues in equity upon eight causes of action. So far as here relevant, plaintiff alleges that the decedent Grey, while insolvent and with intent to defraud creditors, paid premiums on life insurance policies; and plaintiff seeks to have such payments declared fraudulent and to recover his debt from the policies' proceeds received by or held for defendants-appellants, Grey's son and others.

This same plaintiff brought a prior action against defendants-appellants and others in which he sought to set aside alleged fraudulent conveyances claimed to have been made in 1932 by said Louis L. Grey. This court affirmed an order dismissing plaintiff's first cause of action therein based on said alleged fraudulent transfers as barred by the ten-year Statute of Limitations (*Purvin* v. *Grey,* 267 App. Div. 815); plaintiff's other causes of action therein were dismissed for insufficiency (*Purvin* v. *Grey,* 267 App. Div. 813); and the judgment of dismissal entered on the orders of this court was affirmed by the Court of Appeals (*Purvin* v. *Grey,* 292 N. Y. 671).

The present complaint has been held sufficient under section 55-a of the Insurance Law, as enacted by chapter 33 of the Laws of 1909, constituting the previous chapter 28 of the Consolidated Laws (*Purvin* v. *Grey,* 294 N. Y. 282, 286). In their answer to this complaint, defendants set up five separate defenses all of which have been stricken out by the first two orders appealed from.

The first defense (*res judicata*) is based on allegations that all of plaintiff's causes of action are predicated on the same constructive fraud of 1932 alleged by plaintiff in the prior action and held barred by the prior adjudication between the parties. We think plaintiff's motion to strike out this defense as sham under rule 103 of the Rules of Civil Practice should have been denied. The present complaint refrains from express reference to the claimed constructive fraud of 1932. But the facts adduced on trial may show that plaintiff relies on that fraud. In finally sustaining the sufficiency of this complaint (*Purvin* v. *Grey, supra,* 287) the Court of Appeals said: "We do not decide what evidence would be required to prove the ultimate facts, alleged by the plaintiff, and to establish the plaintiff's causes of action."

If plaintiff actually relies upon constructive and not actual fraud, the ten-year Statute of Limitations applies and commences to run from the date when the act occurred and not from the time when the facts constituting the fraud were discovered (*Buttles* v. *Smith,* 281 N. Y. 226, 236; *Pitcher* v. *Sutton,* 238 App. Div. 291, 293). The defense is neither sham nor frivolous and should not have been disposed of on motion but should await full disclosure of all the facts upon which plaintiff intends to rely.

Plaintiff also moved to strike out all five of defendants' separate defenses, including the first, as insufficient under subdivision 6 of rule 109.

The first complete defense (*res judicata*) and second (the ten-year Statute of Limitations) are sufficient as pleaded and should not have been stricken out. As above indicated, if plaintiff relies on the claimed 1932 constructive fraud, these defenses should be available to defendants.

The third defense is the six-year Statute of Limitations to a cause of action to recover upon a liability created by statute (Civ. Prac. Act, § 48, subd. 2). Section 55-a of the Insurance Law (L. 1909, ch. 33, as amd. by L. 1927, ch. 468), so far as relevant, provided that creditors, "subject to the statute of limitations," should share in the proceeds of the policy to

the extent of any premiums paid with intent to defraud. Plaintiff claims that the Statute of Limitations runs from the date of death of the insured. But in that construction, the statutory phrase " subject to the statute of limitations " becomes almost meaningless. If the phrase does not apply to the payment of premium dates, it would seem to be superfluous as the applicable statute would apply to a cause of action arising at the date of death when the proceeds of the policy were payable without any express reference to the Statute of Limitations. The phrase in question is to be read in relation to the words " shall enure " to the creditors' benefit. We think the statute runs from the date of the payment of premium and not from the date of the insured's death.

Plaintiff relies upon *York* v. *Flaherty* (210 Mass. 35) which held that the cause of action did not accrue until the maturity of the insurance policy on the death of the insured; in that case all the premiums found to be paid in fraud of creditors had been paid within six years before the insured's death and recovery was allowed for such premiums.

There is no authority in this State on the precise issue raised. But well-reasoned opinions in other jurisdictions having similar statutes support the conclusion that payment of any such premium in fraud of creditors gives rise to a cause of action; although final recovery may be postponed until the proceeds of the policy are available, the statute runs from the date of such payment of premium (*Lanning* v. *Parker,* 84 N. J. Eq. 429, 434-435; *Greenberg* v. *Goodman,* 128 N. J. Eq. 149, 152; *Parks* v. *Parks,* 288 Ky. 350). As to steps a creditor may take during the life of the debtor, see *Greenberg* v. *Goodman* (*supra*), and *Stokes* v. *Amerman* (121 N. Y. 337, 344).

The third defense (the six-year Statute of Limitations) is labeled a complete defense but defendants admit on appeal that it is asserted only as a partial defense and it should be deemed to be such, good only as to all premium payments made six years prior to commencement of the action.

The fourth defense (the three-year Statute of Limitations) was properly struck out as not available to defendants.

Defendants do not attempt to sustain the fifth defense (adequate remedy at law) as the Court of Appeals held the facts alleged in the present complaint sufficient, if proven, to constitute a cause of action in equity (*Purvin* v. *Grey,* 294 N. Y. *supra,* 287).

Defendant Harold N. Grey also appeals from another order granting plaintiff's motion to strike out items 2 and 4 in defendant's demand for a bill of particulars. As pointed out above,

the complaint does not allege whether plaintiff will rely on actual or constructive fraud but contains conclusory allegations of fact that the debtor while insolvent paid the premiums with intent to defraud. Plaintiff should be compelled to furnish a bill of particulars so that defendants will be enabled to meet the issues at trial. Items 2 and 4 as demanded should have been allowed.

The order striking out the first defense as sham should be reversed and the motion denied; the order striking out the other defenses as insufficient in law should be modified by reinstating the first and second defenses and the third as a partial defense and otherwise affirmed; the order modifying defendant's demand for a bill of particulars should be modified by reinstating items 2 and 4 and as so modified affirmed, with $20 costs and disbursements of all the appeals to appellants.

MARTIN, P. J., TOWNLEY, COHN AND WASSERVOGEL, JJ., concur.

Order entered July 7, 1945, striking out the first defense as sham, unanimously reversed and said motion denied. Order entered August 8, 1945, striking out the other defenses as insufficient in law, unanimously modified by reinstating the first and second defenses and the third as a partial defense and otherwise affirmed. Order entered July 7, 1945, so far as appealed from, unanimously modified by reinstating items 2 and 4 of defendant's demand for a bill of particulars, with $20 costs and disbursements of all the appeals to the appellants. Settle order on notice. [See *post*, p. 754.]