SAM TERNER, Respondent, *v.* GLICKSTEIN & TERNER, INC., Appellant.

Argued May 20, 1940; decided July 24, 1940.

*Milton D. Goldman, Leonard Mook* and *Harry Katz* for appellant. Equity will not entertain jurisdiction where there is an adequate remedy at law. (*Robinson* v. *Whitaker,* 205 App. Div. 286; *Boissevain* v. *Boissevain,* 129 Misc. Rep. 5; *Daly* v. *Sobieski,* 123 Misc. Rep. 176; *Low* v. *Swartwout,*

171 App. Div. 725; *Chadbourne* v. *Mayer*, 207 App. Div. 754; *Gosselin Corp.* v. *Tapparelli*, 191 App. Div. 580; *Black* v. *Vanderbilt*, 70 App. Div. 16; *Standard Film Service Co.* v. *Alexander Film Corp.*, 209 N. Y. Supp. 924; *Consolidated Rubber Tire Co.* v. *Firestone Tire & Rubber Co.*, 135 App. Div. 805; *Spring* v. *Fidelity Mutual Life Ins. Co.*, 183 App. Div. 134; *Fetzer* v. *Title Guarantee & Trust Co.*, 250 App. Div. 567.) Actions instituted by employees pursuant to section 16b of the Fair Labor Standards Act of 1938 (U. S. Code, tit. 29) are actions at law and not in equity. (*Moreno* v. *Picardy Mills, Inc.*, 17 N. Y. Supp. [2d] 848; *Emerson* v. *Lincoln Candies, Inc.*, 17 N. Y. Supp. [2d] 851; *Cox* v. *Lykes Brothers*, 237 N. Y. 376.) Plaintiff cannot maintain an action in equity for an accounting unless a trust or fiduciary relationship exists between the parties. (*Moore* v. *Coyne*, 113 App. Div. 52; *Schantz* v. *Oakman*, 163 N. Y. 148; *Marvin* v. *Brooks*, 94 N. Y. 71; *Tiffany* v. *Hess*, 67 Misc. Rep. 258; *Lee* v. *Washburn*, 80 App. Div. 410; *Yuengling* v. *Betz*, 120 App. Div. 709; *Rivelson* v. *Silverstein*, 65 App. Div. 614; *Pelkey* v. *Pelkey*, 236 App. Div. 55.)

*Morton Miller* and *Joseph Shankey* for respondent. The complaint states facts sufficient to constitute a cause of action. (*Crown Embroidery Works* v. *Gordon*, 190 App. Div. 472; *Case* v. *First Nat. Bank*, 59 Misc. Rep. 269; *Emerson* v. *Mary Lincoln Candies, Inc.*, 17 N. Y. Supp. [2d] 851.) The appellant is in reality a trustee and the respondent is, therefore, entitled to an accounting. (*Newton* v. *Porter*, 69 N. Y. 133; *Lightfoot* v. *Davis*, 198 N. Y. 261; *American Sugar Refining Co.* v. *Fancher*, 145 N. Y. 552; *Converse* v. *Sickles*, 16 App. Div. 49; 161 N. Y. 666; *Roberts* v. *Ely*, 113 N. Y. 128; *Falk* v. *Hoffman*, 233 N. Y. 199; *Shank* v. *Schuchman*, 212 N. Y. 352; *Fur & Wool Trading Co.* v. *Fox, Inc.*, 245 N. Y. 215; *Kerber Straw Hat Corp.* v. *Lincoln*, 239 App. Div. 727; *Talmudic Literature Publishers, Inc.*, v. *Lewin*, 226 App. Div. 1; *Rhodes* v. *Little Falls Dairy Co.*, 230 App. Div. 571.) The form of the

action, whether it be at law or in equity, does not warrant a dismissal of the complaint. (*Port* v. *Holzinger*, 212 App. Div. 124; *Bloom* v. *Gelb*, 227 App. Div. 619; *Sasanow* v. *Williamsburg Savings Bank*, 256 App. Div. 928.)

RIPPEY, J. Plaintiff, a former employee of defendant, alleging that he has no adequate remedy at law, has brought this action in equity in behalf of himself and of others similarly situated in which he seeks judgment " directing the defendant to account for and pay to the plaintiff, and all others similarly situated, the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages; directing the defendant to pay a reasonable attorney's fee to the attorneys for the plaintiff herein, together with the costs and disbursements of this action " and for such other and further relief as may seem just and proper.

The motion to dismiss the complaint for failure to state facts sufficient to constitute a cause of action was made on the sole ground that, upon the face of the complaint, it appears that plaintiff has an adequate remedy at law. We do not consider whether a good cause of action at law might be spelled out from the allegations of the complaint. The complaint here is framed in equity and equitable relief alone is demanded and if the action does not lie in equity for the reason urged by defendant, the complaint must be dismissed (*Gosselin Corp.* v. *Mario Tapparelli Fu Pietro of America, Inc.*, 191 App. Div. 580; affd., 229 N. Y. 596; *Voehl* v. *Title Guarantee & Trust Co.*, 266 N. Y. 662; *New York State E. & G. Corp.* v. *Maltbie*, 241 App. Div. 780; affd., 266 N. Y. 521).

Plaintiff alleges that defendant was, at the times mentioned in the complaint, engaged in the business of manufacturing, transporting and selling merchandise in interstate commerce, the goods being produced by plaintiff and others in behalf of whom he brought this action; that defendant paid to such employees wages at less than the

rate of twenty-five cents per hour in violation of the provisions of section 6 of the Fair Labor Standards Act of 1938 of the United States of America (52 U. S. Stat. 1060); that he and his fellow workers were employed by defendant for work weeks longer than forty-four hours without compensation for such employment in excess of forty-four hours in such work weeks at a rate not less than one and one-half times the regular rates in violation of section 7 of such act and that demand was made for compliance with the provisions thereof and compliance refused.

During the period covered by the complaint, defendant was required under section 6 of the act (U. S. Code, tit. 29, § 206) to pay to its employees wages of not less than twenty-five cents per hour, and, under section 7 of the act (U. S. Code, tit. 29, § 207), to employ them for not more than forty-four hours per week, in any event unless compensation was paid for employment in excess of those hours at a rate not less than one and one-half times the regular rate. Section 16, subdivision b, of the act (U. S. Code, tit. 29, § 216) reads as follows: " (b) Any employer who violates the provisions of section 206 or section 207 of this chapter shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated, or such employee or employees may designate an agent or representative to maintain such action for and in behalf of all employees similarly situated. The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

The remedy above provided is one solely for liquidated money damages. No accounting is necessary to determine the amount to be recovered but if need of discovery exists a complete and adequate remedy is provided by other means

than by this action (Civ. Prac. Act, §§ 288, 295; Rules Civ. Prac. §§ 122–133). Even though an accounting were required to ascertain the amount of damages, that fact would be insufficient to support a claim for equitable relief unless a fiduciary relationship were shown, and none is pleaded (*Schantz* v. *Oakman*, 163 N. Y. 148; *Moore* v. *Coyne*, 113 App. Div. 52). The remedy at law, as provided by the statute, is complete, adequate, efficient, plain and effective. Plaintiff's rights are clear and the amount which he is entitled to recover known to him. The right of recovery is not based on any confidential or fiduciary relation between the parties. No trust relationship is alleged or in fact exists. The mere fact that the action is representative in form is not decisive; no one of the plaintiffs has any interest in recovery by others. The primary right arises from a tort and the right of action is not dependent upon any equitable feature or incident (Pomeroy's Equity Jurisprudence [4th ed.], § 178). Under such conditions, an action in equity will not lie.

The orders should be reversed, with costs to defendant in all courts, and the motion to dismiss the complaint granted, with ten dollars costs. The first question is answered in the affirmative. The second question is not answered.

FINCH, SEARS, LEWIS and CONWAY, JJ., concur; LOUGHRAN, J., dissents; LEHMAN, Ch. J., taking no part.

Orders reversed, etc.