WILLIAM H. PURVIN, on Behalf of Himself and All Other Creditors of the Estate of LOUIS L. GREY, Deceased, Appellant, *v.* HAROLD N. GREY et al., Respondents, et al., Defendants.

Argued April 2, 1945; decided May 24, 1945.

*Meyer Kraushaar* for appellant. I. The complaint is not insufficient in failing to allege that the deceased insolvent paid the premiums with his own money nor is it otherwise insufficient for failure to state facts sufficient to constitute a cause of action. (Civ. Prac. Act, § 275; *Condon* v. *Associated Hospital Service,* 287 N. Y. 411; *Beals* v. *The Home Insurance Co.,* 36 N. Y. 522; *Kain* v. *Larkin et al.,* 141 N. Y. 144; *Vollkommer* v. *Cody,* 177 N. Y. 124; *Calkins* v. *Stedman,* 146 App. Div. 202; *Citizens Nat. Bank* v. *Hodges,* 80 Hun 471; *Cooke* v. *Chase,* 85 Hun 616; *Holland* v. *Grote,* 56 Misc. 370, 125 App. Div. 413, 193 N. Y. 262; *Shenk* v. *Oliva,* 94 Misc. 702; *Gould* v. *Fleitmann,* 188 App. Div. 759, 230 N. Y. 569; *Merchants' Transp. Co.* v. *Borland,* 53 N. J. Eq. 282; *Doehler* v. *Real Estate Board of N. Y. Bldg. Co., Inc.,* 150 Misc. 733.) II. Plaintiff's cause of action is founded on section 55-a of the Insurance Law and the erroneous reference in the complaint to section 166, subdivision 4, of the Insurance Law must be treated as surplusage. (*McHarg* v. *Eastman,* 25 Barb. 205; *Belmont* v. *City of New York,* 191 App. Div. 717; *Rosselle* v. *Klein,* 42 App. Div. 316.) III. The complaint states a cause of action in equity. (*Bate* v. *Graham,* 11 N. Y. 237; *Lichtenberg* v. *Herdtfelder et al.,* 103 N. Y. 302; *Harvey* v. *McDonnell,* 113 N. Y. 526; *Agne* v. *Schwab,* 123 App. Div. 746; *Gould* v. *Fleitmann,* 188 App. Div. 759, 230 N. Y. 569; *Matter of Lange,* 172 Misc. 437; *Matter of Starbuck,* 251 N. Y. 439; *Proctor* v. *MacClaskey,* 278 Mass. 238; *Hearn 45 St. Corp.* v. *Jano,* 283 N. Y. 139; *Keys* v. *Leopold,* 241 N. Y. 189.)

*Edward E. Hoenig* and *William M. Sullivan* for respondents. I. The complaint is insufficient in that it fails to allege that the deceased insolvent paid the premiums sought to be recovered with his own money. (*Purvin* v. *Grey,* 267 App. Div. 813, 292 N. Y. 671; *Clark* v. *Dillon et al.,* 97 N. Y. 370; *Johansson*

v. *Kemp,* 211 App. Div. 276; *Koch* v. *Estes,* 146 Misc. 249, 240 App. Div. 829, 264 N. Y. 480; *Isaacs* v. *Washougal Clothing Co., Inc., Nos. 1, 2,* 233 App. Div. 568; *Stabilimento Metallurgico Ligure* v. *Joseph,* 189 App. Div. 173; *Maccarone* v. *Hayes,* 85 App. Div. 41; *Fairchild* v. *Leo,* 149 App. Div. 31; *Vollmer* v. *Automobile Fire Insurance Co.,* 207 App. Div. 67; *La Montagne* v. *Bank of New York,* 94 App. Div. 219; *Beals* v. *The Home Insurance Co.,* 36 N. Y. 522; *Jones* v. *Phoenix Bank,* 8 N. Y. 228; *Scofield* v. *Whitelegge,* 49 N. Y. 259.) II. No equitable cause of action is alleged. This action may only be maintained, if at all, in law. (*Perlman* v. *East Annadale Beach Corporation,* 233 App. Div. 599; *Melnick* v. *Kukla,* 228 App. Div. 321; *Holland* v. *Grote,* 193 N. Y. 262; *City of Syracuse* v. *Hogan,* 234 N. Y. 457; *Westergren* v. *Everett,* 218 App. Div. 172; *Turner* v. *Glickstein & Turner, Inc.,* 283 N. Y. 299; *Marvin* v. *Brooks,* 94 N. Y. 71; *Yuengling* v. *Betz,* 120 App. Div. 709; *Hastings* v. *Byllesby & Co.,* 293 N. Y. 404; *Atkins* v. *Trowbridge,* 162 App. Div. 629; *Cherry* v. *Howell,* 4 F. Supp. 597; *Ullman* v. *Cameron,* 186 N. Y. 339.) III. The complaint is insufficient in that it fails to allege facts of actual intent to defraud creditors as distinguished from intent implied by law. (*In re Wil-low Cafeterias,* 22 F. Supp. 617; *Willcox* v. *Goess,* 16 F. Supp. 350; *Doehler* v. *Real Estate Board of N. Y. Bldg. Co., Inc.,* 150 Misc. 733; *Goldstein* v. *Schachne,* 261 App. Div. 922; *Pitcher* v. *Sutton,* 238 App. Div. 291, 264 N. Y. 638; *Guarico* v. *Massachusetts Bond. & Ins. Co.,* 167 Misc. 875; *Vanderveer Crossings* v. *Rapalje,* 133 App. Div. 203; *Aldrich* v. *New York Life Ins. Co.,* 235 N. Y. 214; *Brody* v. *Pecoraro,* 250 N. Y. 56; *American S. S. Co.* v. *Wickwire Spencer Steel Co.,* 42 F. 2d 886; *Washington Central Bank* v. *Hume,* 128 U. S. 195; *Masonic Mut. Life Ass'n.* v. *Paisley,* 111 F. 32; *Rosenstock* v. *City of New York,* 97 App. Div. 337, 181 N. Y. 550; *Bernheim* v. *Burden,* 253 App. Div. 232; *City of New Rochelle* v. *Echo Bay Waterfront Corporation,* 268 App. Div. 182.) IV. This action is not maintainable under section 166, subdivision 4, of the Insurance Law, the creditor's claim having been incurred prior to the effective date of that statute. (*Dagood Holding Corporation* v. *Rosenbluth,* 231 App. Div. 470; *Boissevain* v. *Boissevain,* 224 App. Div. 576; *Lonsdale* v. *Speyer,* 249 App. Div. 133; *Southwick* v. *First Nat'l. Bank*

*of Memphis,* 84 N. Y. 420; *Neudecker* v. *Kohlberg et al.,* 81 N. Y. 296; *Melnick* v. *Kukla,* 228 App. Div. 321; *Matter of Resource Holding Corp.* v. *Friedman,* 262 App. Div. 879.)

LEHMAN, Ch. J. In a complaint containing eight causes of action, the assignee of a judgment creditor of Louis L. Grey, deceased, suing as plaintiff " on behalf of himself and all other creditors of the estate of Louis L. Grey, deceased ", alleges that the deceased " while insolvent, and with intent to hinder, delay and defraud his creditors, including the plaintiff's assignor ", paid premiums upon policies insuring the life of the deceased " without consideration paid or given " by the persons named by the deceased as the beneficiaries of these policies. The plaintiff asks, among other things, that the payment of such premiums be declared null and void; that the defendant Harold N. Grey named as beneficiary of the policies which are the subject of the first five causes of action " be adjudged to hold the proceeds or avails of such policies received by him in trust for the creditors of said decedent, or subject to a lien of such creditors to the extent of the amount of such premiums paid and accrued interest "; that the individual defendants be required to account for all sums received by them on any policy; that all moneys in the hands of the defendants, including the insurance companies who have not yet paid the full amount of the insurance, " be subjected to a lien to the extent of such premiums paid and accrued interest "; and " that said defendants be required to pay the amount of said liens from the proceeds of said policies still in their hands into court to be administered according to law, pursuant to section 19 of the Personal Property Law ".

The individual defendants have challenged the sufficiency of the allegations of each cause of action. The Appellate Division (269 App. Div. 652, 653) by a divided court has sustained the challenge on the ground that the complaint does not allege that the policy premiums were paid by the deceased " with his own money ", and on the further ground that the plaintiff has an adequate remedy at law, citing *Terner* v. *Glickstein & Terner, Inc.* (283 N. Y. 299). The plaintiff appeals to this court from the judgment dismissing the complaint.

The complaint alleges that the defendant violated the provisions of section 166, subdivision 4, of the Insurance Law. The

Insurance Law now in force was enacted by chapter 882 of the Laws of 1939 as " Chapter 28 " of the Consolidated Laws, and superseded the provisions of the Insurance Law enacted by chapter 33 of the Laws of 1909 and constituting the previous chapter 28 of the Consolidated Laws. Section 166, subdivision 5, of the Insurance Law now in force provides that " the rights of creditors whose claims were contracted or incurred prior to the effective date of this chapter shall be governed by sections fifty-five-a, fifty-five-b and fifty-five-c of chapter twenty-eight of the consolidated laws. This section insofar as it may differ, in form, language or substance, from said sections, is not intended, in any way, to affect the interpretation or construction of said sections as applied to such rights." The claims of the plaintiff in this action were contracted and incurred prior to the effective date of the Insurance Law now in force. It is for that reason unnecessary to decide whether difference in the form and language of section 166, subdivision 4, from the form and language of sections 55-a, 55-b, and 55-c, were intended to change in substance the rights of creditors whose claims were contracted thereafter. It is plain that subdivision 4 of section 166 may not be interpreted or construed as intended to affect the rights of the plaintiff's assignor, and we must measure the sufficiency of the complaint in this action in accordance with the provisions of the earlier statute as previously interpreted and construed.

Under such interpretation and construction of that section, the allegation contained in each cause of action pleaded by the plaintiff, that the deceased " while insolvent, and with intent to hinder, delay and defraud his creditors, including the plaintiff's assignor ", is sufficient, even without any further allegation as to the source of the moneys used for such payment, or that the fraudulent intent was actual and not constructive. (*Kain* v. *Larkin et al.*, 141 N. Y. 144; *Vollkommer* v. *Cody*, 177 N. Y. 124; *Gould* v. *Fleitmann*, 188 App. Div. 759, affd. 230 N. Y. 569.) It is true, of course, that the effect of a general allegation of payment with intent to defraud creditors may be destroyed when qualified by specific allegations which, unexplained, show that payment by the debtor was made from moneys belonging to another, and which the creditor could not reach even if such payment had not been made. In *Purvin* v. *Grey* (292 N. Y. 671), we affirmed a judgment dismissing the complaint for insufficiency for that reason. Upon that appeal the plaintiff conceded that the effect

of the allegation, contained in the third cause of action pleaded in the complaint, that the moneys were paid with intent to defraud creditors, would be destroyed by the specific allegation that such payment was made by withdrawals of cash sums from a third party which were then charged to the beneficiary of the policies, unless the court read into the third cause of action allegations of earlier fraudulent transfers of property of the debtor to the third party or to the beneficiary of the policy, contained in other causes of action to set aside such transfers, but not incorporated in the third cause of action. We held that in testing the sufficiency of the allegations contained in the third cause of action, the court may not supply deficiencies by reading into that cause of action allegations which, though contained in other causes of action, are omitted from the third cause of action. Upon this appeal, as upon the earlier appeal, we consider only the sufficiency of the allegations contained in the challenged pleading. We do not decide what evidence would be required to prove the ultimate facts, alleged by the plaintiff, and to establish the plaintiff's causes of action. The facts alleged, if proven, are sufficient to constitute a cause of action in equity even though no accounting in equity might be necessary to establish the amount of the premiums which the plaintiff claims were paid by the decedent in fraud of creditors. We said and decided nothing to the contrary in *Terner* v. *Glickstein & Terner, Inc.* (283 N. Y. 299, *supra*). Though in that case the plaintiff brought an action in equity nominally in behalf of himself and all others similarly situated, any judgment recovered in that action would be in favor of an individual plaintiff for money damages fixed in accordance with the statute. There was no allegation of fraud or of any fact which if proven would establish a trust relationship. In such circumstances no action in equity will lie. The nature of the causes of action pleaded in this case, the breach of duty involved, the relationship of the parties and the relief demanded are different, and we are agreed that an action in equity will lie for the relief demanded.

The judgment of the Appellate Division should be reversed and the order of Special Term affirmed, with costs in this court and in the Appellate Division.

LOUGHRAN, LEWIS, CONWAY, DESMOND, THACHER and DYE, JJ., concur.

Judgment accordingly.