WILLIAM H. PURVIN, on Behalf of Himself and All Other Creditors of the Estate of LOUIS L. GREY, Deceased, Plaintiff, *v.* HAROLD N. GREY et al., Defendants.

Supreme Court, Special Term, New York County, July 6, 1945.

*Kraushaar & Kraushaar* for plaintiff.

*Edward E. Hoenig* for Harold N. Grey, defendant.

*William M. Sullivan* for Jennie W. Grey and another, defendants.

KOCH, J. Motion to strike out defenses is granted. The plea of *res judicata* interposed by the first defense should be stricken for the reasons set forth in companion motion decided contemporaneously herewith (185 Misc. 654). The defenses of Statute of Limitations are not valid. There are no decisions in this State construing former section 55-a of the Insurance Law (now subdivision 4 of section 166) with respect to the Statute of Limitations; that section is practically the same as in the Massachusetts statute. In Massachusetts it was

held that a cause of action to recover premiums. paid by an insolvent judgment debtor accrues upon the death of the judgment debtor and not when the premiums are paid (*York v. Flaherty,* 210 Mass. 35). While the courts in Kentucky and New Jersey have reached a contrary decision, the determination by the Massachusetts court appears to be proper. The cause of action should not be barred until six years from the date of its accrual. (Civ. Prac. Act, § 48, subd. 2.) Inasmuch as the judgment debtor died in March, 1942, the Statute of Limitations could not have run and cannot be set up as a bar to the present action.

The defense that the plaintiff has an adequate remedy at law is also insufficient since the Court of Appeals in upholding the validity of the complaint has held that the action was properly brought in equity (294 N. Y. 282). Settle order.