WILLIAM H. PURVIN, on Behalf of Himself and All Other Creditors of the Estate of LOUIS L. GREY, Deceased, Plaintiff, *v.* HAROLD N. GREY et al., Defendants.

Supreme Court, Special Term, New York County, July 6, 1945

*Kraushaar & Kraushaar* for plaintiff.

*Edward E. Hoenig* for Harold N. Grey, defendant.

*William M. Sullivan* for Jennie W. Grey and another, defendants.

KOCH, J. This action was instituted by the plaintiff to reach certain premiums and accrued interest paid by the deceased insolvent judgment debtor upon policies issued on his life. The sufficiency of the complaint has been approved by the Court of Appeals (294 N. Y. 282). The defendant has interposed an answer thereto containing as a first defense a plea of *res*

*judicata.* The validity of the defense is dependent upon the scope of the court's decision in an earlier action, wherein the complaint was dismissed and the dismissal affirmed up to the Court of Appeals (292 N. Y. 671). An examination of the judgment roll of the earlier action indicates that only the third cause of action therein alleged sets forth allegations based upon the payment of premiums on policies. The causes of action respectively predicated upon the payment of premiums in both complaints are differently stated. The reason for the dismissal of the cause of action predicated upon the payment of premiums in the earlier action is attributed by the Appellate Division to the fact that it failed to contain an allegation that the property transferred was the property of the debtor (267 App. Div. 813). Furthermore, from the context of the first complaint, an inference could be drawn that the moneys used belonged to a third party. The instant complaint differs in this respect and has been found to be sufficient. The defects of the earlier complaint and its resultant dismissal cannot, therefore, be urged as *res judicata* to a new and valid complaint. The motion is granted.