Alexander Schneider, Respondent, v. Maria Kramer, Appellant, et al., Defendants.— Order affirmed, with $20 costs and disbursements to the respondent. In affirming we do not hold that plaintiff has set forth allegations sufficient to entitle him to each of the branches of extraordinary relief that he seeks, or that it is clear that he can prove that the arrangement with defendant passed to him, an interest, equitable or otherwise, in the stock which was the subject of the

letter agreement. The letter agreement is not free from ambiguity but there is sufficient on a motion addressed to the pleadings to entitle plaintiff to prove, if he can, that he obtained a property interest in the stock as distinguished from a merely contractual interest to the proceeds of the stock. An important circumstance in the case will be the fact that the arrangement arises in a transaction between attorney and client. In any event an early trial is indicated in order to avoid unnecessary hardship to defendant should plaintiff be unable to sustain his claimed position. Present — Dore, J. P., Cohn, Callahan, Breitel and Botein, JJ.; Dore and Callahan, JJ., dissent in the following memorandum: We dissent and vote to dismiss the complaint for insufficiency. The complaint seeks only equitable relief (1) for an injunction, (2) impressing a trust under certain shares of stock, and (3) for an accounting. Such a complaint will be deemed insufficient to state a cause of action where only legal remedies are available (*Terner* v. *Glickstein & Terner*, 283 N. Y. 299). Assuming the truth of the allegations in the present complaint, there is no showing that plaintiff has any equitable rights to be enforced. The agreement pleaded does not amount to a present grant of an interest in the stock, nor constitute the plaintiff the equitable owner thereof. His right, therefore, is limited to a cause of action for breach of contract to compensate him for legal services. The client had the right to terminate the employment before completion, subject only to payment for services rendered on a *quantum meruit* basis. If services were fully performed, the amount to be recovered would be limited under the agreement to the value of the equity above existing mortgages upon a sale of any of the properties.