Bert B. Lockwood, J.
This is a motion to dismiss the complaint on the sole ground that, upon the face of the complaint, it appears it does not state facts sufficient to constitute a cause of action.
The complaint recites the fact that on April 4, 1959 plaintiff and defendant entered into a written agreement whereby defendant agreed to sell and plaintiff agreed to purchase certain real *653 property and said written agreement contained a provision that if a binding mortgage commitment did not issue within 35 days from the agreement date, either party could declare the agreement cancelled and whereupon defendant would return to plaintiff the $3,000 down payment on said contract. The complaint further recites the fact that plaintiff has been unable to obtain a mortgage commitment and is thus unable to complete the purchase contemplated by the agreement (but the complaint does not recite that a binding mortgage commitment did not issue within 35 days from the date of the agreement). The complaint further recites the fact plaintiff has demanded refund of the $3,000 down payment from the defendant but that the defendant refused and still refuses to return same. Plaintiff further states that plaintiff has no other adequate remedy at law. The relief demanded in the complaint is as follows:
1. That the said contract be rescinded, vacated and set aside.
2. That the defendant be required to repay to plaintiff the sum of $3,000 with interest thereon, and that the plaintiff have judgment against the defendant for said sum.
3. That the plaintiff has such other and further relief as the court may seem just and proper together, with costs.
The complaint does not state plaintiff has no adequate remedy at law but states, “ Plaintiff has no other adequate remedy at law ’ ’. The court does not consider whether a good cause of action at law might be spelled out from the allegations of the complaint. The complaint here is clearly framed in equity and equitable relief alone is demanded. On the basis of the facts set forth in the complaint, it appears the plaintiff has an adequate remedy at law and the action does not lies in equity. (Terner v. Glickstein & Turner, Inc., 283 N. Y. 299.) The complaint, therefore, must be dismissed.
The defendant’s motion to dismiss is granted, without prejudice to the plaintiff to serve an amended complaint.
Ordered accordingly.