Herbert D. Hamm, J.
The defendant moves after answer for an order dismissing the complaint ‘1 on the ground that the plaintiff has an adequate remedy at law ”, In Terner v. Glickstein & Terner (283 N. Y. 299, 301) the rule is stated: “ The *54 motion to dismiss the complaint for failure to state facts sufficient to constitute a cause of action was made on the sole ground that, upon the face of the complaint, it appears that plaintiff has an adequate remedy at law. We do not consider whether a good cause of action at law might be spelled out from the allegations of the complaint. The complaint here is framed in equity and equitable relief alone is demanded and if the action does not lie in equity for the reason urged by defendant, the complaint must be dismissed ”.
The plaintiff has stated a good cause of action at law and, although the complaint is framed in equity, equitable relief is not alone demanded. The plaintiff inter alia asks judgment against the defendant for the amount of his down payment. Hence there is doubt as to the application of the rule stated in Terner v. Glickstein & Terner (supra) and reiterated in Horwitz v. Stone Blvd. Corp. (37 N. Y. S. 2d 670, 671). (Cf. Deutinger v. Fleischmann, 132 N. Y. S. 2d 407.)
But, in any event, the plaintiff’s remedy at law for rescission is clearly inadequate. He gave a purchase-money mortgage and seeks its cancellation. This relief may not be afforded in an action at law for rescission.
Moreover, section 479 of the Civil Practice Act provides:
‘ ‘ Where there is no answer, the judgment shall not be more favorable to the plaintiff than that demanded in the complaint. Where there is an answer, [emphasis supplied] the court may permit the plaintiff to take any judgment consistent with the case made by the complaint and embraced within the issues.” This motion was made after answer. Since there is an answer, it would appear that the motion should be denied as, after answer, the plaintiff may be granted relief consistent with the facts pleaded regardless of the relief demanded. Cases where the motion was made before answering have no application. The motion is denied.