RICHARD LANE, as Administrator of the Estate of DINAH WASHINGTON, Deceased, Respondent, *v.* MERCURY RECORD CORPORATION, Appellant.

First Department, October 13, 1964.

*Sanford M. Katz* of counsel (*Eleanor Jackson Piel* with him on the brief (*Paul J. Kern* and *Donner & Piel,* attorneys), for appellant.

*Alan Kahn* of counsel (*Martin J. Machat,* attorney), for respondent.

VALENTE, J. In this action, plaintiff seeks to compel defendant to account for royalties claimed to be due from the sale of phonograph records embodying the performance of a vocalist, plaintiff's intestate. A motion was made to dismiss the complaint for insufficiency on the ground that no cause of action for equitable relief was alleged. Plaintiff opposed the motion, insisting that the facts stated were sufficient to maintain an action for equitable relief, and Special Term upheld plaintiff's contention.

Under the Civil Practice Act, it was held that where a complaint was framed in equity and the demand for relief was equitable in nature, a motion to dismiss made before answer would be granted if the facts alleged merely entitled the plaintiff to some form of legal relief. (*Terner* v. *Glickstein & Terner,* 283 N. Y. 299; *National Comm. on Observance of Mother's Day* v. *Kirby, Block & Co.,* 17 A D 2d 390.) A royalty or percentage arrangement would not, in and of itself, establish a fiduciary relationship, and the fact that a statement of account was necessary to prove the claim would not require an equitable action. (See *Hutchinson* v. *Birdsong,* 211 App. Div. 316.)

It is unnecessary to pass on Special Term's characterization of the complaint as sufficient to maintain an action for equitable relief since in our view the provisions of the CPLR have eliminated the distinctions which resulted in decisions such as *Terner* v. *Glickstein & Terner* (*supra*). In that case the court said (p. 301): "We do not consider whether a good cause of action at law might be spelled out from the allegations of the complaint. The complaint here is framed in equity and equitable relief alone is demanded and if the action does not lie in equity for the reason urged by defendant, the complaint must be dismissed."

Section 8 of the then Civil Practice Act provided there was to be "only one form of civil action" and that "[t]he distinction between actions at law and suits in equity, and the forms of those actions and suits, have been abolished". In effect, that section reiterated a similar provision in the Code of Civil Procedure, adopted in 1848. (Code Civ. Pro., § 62.) But, despite the clear intent of those sections to bring about a fusion, or merger, of law and equity, the courts seemed reluctant to give full effect to that purpose. Decisions such as *Terner* v. *Glickstein & Terner* (*supra*); *Jackson* v. *Strong* (222 N. Y. 149) and *International Photo Recording Mach.* v. *Microstat Corp.* (269 App. Div. 485) insisted upon distinguishing equity and law actions at the pleading stage and to require that a complaint conform to a "theory of the pleadings". The results arrived at in those cases have been adversely criticized. (Kharas, A Century of Law—Equity Merger in New York, 1 Syracuse L. Rev. 186; Note—Law and Equity in New York—Still Unmerged, 55 Yale L. J. 826; Note, Erroneous Prayer for Equitable Relief, 42 Cornell L. Q. 376; Twentieth Annual Report of N. Y. Judicial Council, 1954, p. 297; see, also, comments of BREITEL, J., in *April Prods.* v. *G. Schirmer, Inc.,* 284 App. Div. 639, 642–644, revd. on other grounds 308 N. Y. 366; and in *I. H. P. Corp.* v. *210 Cent. Park South Corp.,* 16 A D 2d 461, affd. 12 N Y 2d 329.)

The adoption of the CPLR has, however, removed the main judicial stumbling blocks to the effective merger of law and equity actions envisaged since the passage of the Field Code in 1848. It is true that CPLR 103 (subd. [a]) is identical with section 8 of the Civil Practice Act. Thus, CPLR 103 (subd. [a]), by itself, could not accomplish any change which the Civil Practice Act failed to effect.

CPLR 3013 provides that " [s]tatements in a pleading shall be sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense ". As this court pointed out in *Foley* v. *D'Agostino* (21 A D 2d 60) CPLR 3013 makes the primary function of a pleading " that of adequately advising the adverse party of the pleader's claim or defense " and that " [p]leadings should not be dismissed or ordered amended unless the allegations therein are not sufficiently particular to apprise the court and parties of the subject matter of the controversy " (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3013.03). As was emphasized in *Foley,* particular stress must be given to CPLR 3026 which provides that pleadings " shall be liberally construed " and that " [d]efects shall be ignored if a substantial right of a party is not prejudiced ". This court per EAGER, J., said (p. 66 of *Foley*): " The proper promotion of the general Civil Practice Law and Rules objective requires more than mere token observance of or lip service to its mandate for liberal construction of pleadings. To achieve such objective, we must literally apply the mandate as directed and thus make the test of prejudice one of primary importance. Thereby, we would invariably disregard pleading irregularities, defects or omissions which are not such as to reasonably mislead one as to the identity of the transactions or occurrences sought to be litigated or as to the nature and elements of the alleged cause or defense."

Thus, there has been a shift from the requirement that a complaint conform to a " theory of the pleadings " to the necessity of giving notice of the transactions intended to be proved and the material elements of the cause of action. With the latter considerations in mind, the complaint in the instant case clearly gives notice of the transactions intended to be proved — a claim for royalties under a contract to make recordings for defendant — and contains the material elements of such a cause of action.

There remains the question as to whether the demand for equitable relief of an accounting is fatal to the complaint if plaintiff is eventually found to be entitled only to money damages for breach of contract. In construing the pleading liberally should we not ignore the defendant's objection if a substantial right of the defendant is not prejudiced? (CPLR 3026.) One of the main empediments to giving full effect to the merger of law and equity, and which led to decisions such as *Terner* v. *Glickstein & Terner* (*supra*) was the fear that a complaint seeking equitable relief, only, would deprive a defendant of the right to a jury trial if it developed that the plaintiff was entitled only to money damages. The right to a jury trial was a most important one, and its curtailment would constitute substantial prejudice. Clearly a party should not be met at the trial — of what seemed to be an equitable action — with a judgment for legal relief without an opportunity to obtain a jury trial of the legal issues.

That element of possible prejudice has, however, been eliminated by CPLR 4103 which provides in part: " When it appears in the course of a trial by the court that the relief required, although not originally demanded by a party, entitles the adverse party to a trial by jury of certain issues of fact, the court shall give the adverse party an opportunity to demand a jury trial of such issues."

Hence, with the change effected by the CPLR in the essential requirements of a pleading and with the elimination of possible prejudice in the loss of a right to trial by jury, no substantial reason remains for perpetuating the technicalities of pleading rules found in the decisions spawned by *Jackson* v. *Strong* (*supra*).

The purpose of all pleading should be to facilitate a proper decision on the merits. It would be unfortunate if the liberalizing rules of the CPLR become encrusted by judicial decisions with the limiting concepts developed under the Code of Civil Procedure and Civil Practice Act. *Foley* v. *D'Agostino* (*supra*) demonstrated that this court did not intend to revert to the ancient rules and would give full effect to the spirit of the new approach contained in the CPLR. In that spirit, the complaint herein must be held to be sufficient.

Our disposition in sustaining the complaint is, of course, without prejudice to any motion defendant may make in the nature of summary judgment based on affidavits.

The order should be affirmed, with costs to abide the event, without prejudice to defendant moving for summary judgment.

BREITEL, J. P., MCNALLY, STEVENS and EAGER, JJ., concur.

Order, entered on July 10, 1963, unanimously affirmed, with costs to abide the event, and without prejudice to defendant moving for summary judgment.