Henry J. Latham, J.
Defendants move to dismiss plaintiffs’ four cause's of action.
*78 Plaintiffs, Baxter House, Inc., and Vanderbilt Towers, Inc., creditors of decedent George Eosen (hereinafter referred to as decedent), seek in this action to recover from defendants, Hattie Eosen, Irene Eosen and Boslyn Doris Eosen, the wife and daughters of decedent, a share of the proceeds of 11 insurance policies on decedent’s life in which defendant's were designated beneficiaries. These policies were issued to the decedent between December 18, 1947 and July 21, 1961.
Plaintiffs allege, in substance, that between April 30, 1963 and June 27, 1963, decedent became indebted to them in the sum of $43,000 and that from April 30, 1963 to August 28, 1963, the date on which decedent took his own life, decedent paid the premiums on these policies with money belonging to the plaintiffs and with actual intent to defraud his creditors. Plaintiffs also state that after the death of the insured the insurer paid the defendants $1,939,000 on these policies.
Plaintiffs further allege in their first and third causes of action that at the time decedent paid the premiums he was insolvent or was rendered insolvent thereby and that such payment was made with actual intent to delay, hinder and defraud his creditors. Hnder those causes of action, brought pursuant to section 166 of the Insurance Law, plaintiffs seek to set aside the payment of premiums and require defendants to account for the $43,000 out of that part of the proceeds of the policies which represent the total amount of premiums paid by decedent ($290,403.80).
Hnder their second and fourth causes of action, plaintiffs, alleging that decedent misappropriated and converted the $43,-000 and used that money to pay the premiums on the insurance policies, seek (1) to impose a trust over the proceeds of these policies and (2) judgment for that portion of the entire proceeds of the policies which resulted from the premiums paid with plaintiffs’ money.
In support of their motion to dismiss the first and third causes, defendants argue that the proceeds of these policies are exempted from creditors of the insured by subdivision 1 of section 166 of the Insurance Law and that decedent’s payments of premiums were not an 1 ‘ assignment or change of beneficiary, or other transfer ” within the meaning of 'subdivision 4 of section 166.
The pertinent subdivisions of section 166 of the Insurance Law provide as follows:
‘ ‘ 1. If any policy of insurance has been or shall be effected by any person on his own life in favor of a third person beneficiary, or made payable * * * to a third person, such third person beneficiary, assignee or payee shall be entitled to the proceeds *79 and avails of such policy as against the creditors * * * of the person effecting the insurance. * * *
11 4. Every assignment or change of beneficiary, or other transfer, shall be valid, except in cases of transfer with actual intent to hinder, delay or defraud creditors, as such actual intent is defined by article ten of the debtor and creditor law; in case of transfer with such actual intent, creditors shall have all the remedies provided by said article ten. Where a policy of insurance, theretofore payable to the estate of the insured, is, by assignment, change of beneficiary or otherwise, made payable to a third person beneficiary, such assignment, change of beneficiary or other transfer shall be valid, unless made with such actual intent. Subject to the statute of limitations, the amount of premiums or other consideration paid with actual intent to defraud creditors as provided in said article ten, together with interest on such amount, shall enure to the benefit of creditors from the proceeds of the policy or contract ’
In Rowen v. Commissioner of Internal Revenue (215 F. 2d 641, 649), the Court of Appeals for the Second Circuit, in discussing subdivision 4 of section 166, stated: ‘ ‘ But Paragraph 4 of Section 166 * # * excepts from Paragraph 1 cases of ‘ actual intent to hinder * * * and by its express provision applies only to substitute beneficiaries, or assignees, i.e., those who take by ‘ assignment or change of beneficiary Here the wife was an original, not a substituted beneficiary. Under the Insurance Law she was entitled to the proceeds which she received as against general creditors ¡because she was not at all within the scope of paragraph 4.”
Plaintiffs contend that the case of Purvin v. Grey (294 N. Y. 282) is controlling. There, the Court of Appeals held that the plaintiff creditor had stated a cause of action for wrongful payment of premiums with actual intent to defraud creditors. An examination of the record on appeal reveals that the insured did not assign, transfer or change the beneficiary of policies payable to his son, and that the fraud there held sufficient was the mere payment of premiums on existing policies with actual intent to defraud creditors. The court, however, stated (p. 286) that it was measuring the sufficiency of the complaint by sections 55-a, 55-b and 55-c of the Insurance Law, not by subdivision 4 of section 166, and held that the complaint stated a cause of action under the former sections. (For a discussion of the history of those sections, whose language is different from subdivision 4 of section 166, see Chatham Phenix Nat. Bank v. Crosney, 251 N. Y. 189.)
*80 In the absence of other authority construing subdivision 4 of section 166, this court holds that the first and third causes of action are insufficient in that plaintiffs have not shown that there was an “ assignment or change of beneficiary, or other transfer ” by decedent.
Left for determination is the sufficiency of plaintiffs’ second and fourth causes of action. In the leading case of Holmes v. Gilman (138 N. Y. 369), the Court of Appeals impressed a constructive trust on the proceeds of life insurance policies payable to decedent’s wife where the policies had been purchased with money misappropriated by decedent. The court stated (pp. 384-385): “ In this case, however, there is the fact which alters and colors the whole transaction and is fundamental and controlling in its nature, and that fact is that the moneys which procured the insurance were trust moneys, and although invested in the policies, they were subject at the very moment of such investment to the right of the owner of the funds to follow them into whatever change of form they might assume, and to claim the thing into which they were changed as if it were the original fund. ’ ’
This court holds that to the extent the plaintiffs can prove upon a trial that moneys were ‘1 misappropriated and converted ” and can trace these moneys to premiums paid on policies made out to the defendants, a recovery may be. had herein from the defendants, and the second and fourth causes of action are found to be good to that extent.
The court rejects the view that under the facts of this case the plaintiffs may share in the proceeds of the policies proportionately.
Although plaintiffs rely on dicta in the Holmes case (supra), decided in 1893, the court did not hold to the contrary. In any event, that case involved -a theft by one partner of partnership funds with which he purchased original policies of insurance. Here, the policies were in effect and untainted for some years, no fiduciary relationship is alleged, and it is claimed by the defendants and undenied that the decedent owned all of the stock in the plaintiff corporations at the time of the alleged misappropriations.
Accordingly, the motion to dismiss is granted as to the first and third causes of action, but denied as to the second and fourth causes of action, to the extent indicated.