opinion of the court
Shanley N. Egeth, J.
The instant motion for dismissal of plaintiff’s equitable claims and for leave to serve a jury demand is denied.
The entire thrust and purpose of this motion, and the voluminous submission presented in connection therewith, is to create a climate or circumstance which would enable the movant to again attempt to gain the jury trial, which has already been denied in a prior binding order of this court.
It is unnecessary for determination of this motion to reiterate the exhaustive and repetitive allegations reciting the prior history of this case as set forth in the moving papers. This motion is determinable, upon proper analysis, by resolution of simple facts and principles.
Initially, it must be recognized that the decision of Justice Schwartz in denying a pendente lite application for a preliminary injunction was not meant to, and in no way does it, circumscribe the available ultimate relief which may be awarded by the trier of fact after the trial of this case. The binding decision of Justice Fraiman determined that “triable issues of fact exist as to whether the merger was consummated for a valid business purpose, or, as alleged, was designed to ‘squeeze out’ the minority *1083 shareholders, and whether CCFs funds were improperly used to purchase the minority stockholders’ interests.” Justice Dontzin granted a prior motion to strike movant’s jury demand by deciding that although relief in the form of a money judgment might be granted, this action was still essentially an equitable one (breach of fiduciary relationship). These orders have not been reversed upon appeal, and they remain effective as the law of this case.
The instant motion is not for summary judgment, but rather for dismissal of the pleading. It is here argued that subsequent events (domestic and foreign mergers) have rendered the award of any relief other than money judgment difficult, if not impossible, to implement and that as a result, all prayers for equitable relief should now. be stricken, and the action should be converted into one at law. (There is no application in this motion to add necessary parties, although it is argued that the noninclusion of such potentially affected parties should preclude the granting of the equitable relief sought in the action.)
It seems to this court that movant’s argument is misperceived in terms of the relief sought herein. The claim of the impropriety or the unavailability of any specifically sought particular equitable remedies should be made during trial to the trial court, if and when the issue of fashioning an appropriate remedy manifests itself, after the facts and the legal rights of the parties are determined. (See Bloomquist v Farson, 222 NY 375, 380; Ferguson v Village of Hamburg, 272 NY 234, 239.) The subsequent factual events which may have rendered any particular relief difficult, impractical or unenforceable do not result in a legal metamorphosis changing the initial equitable character of the action. If the action was equitable (and prior binding orders of this court have so determined), it remains equitable, even if after trial the court is incapable of finding entitlement to any appropriate equitable relief other than the payment of money. (Jamaica Sav. Bank v M. S. Investing Co., 274 NY 215; Lane v Mercury Record Corp., 21 AD2d 602, affd 18 NY2d 889; Ansonia Assoc. v Ansonia Residents’ Assn., 78 AD2d 211; Bartley v Walentas, 78 AD2d 310, 314.)
*1084 The instant motion must therefore be denied. The action will proceed to trial as a nonjury case.